Curia, per
Richardson, J.
Strictly speaking, upon the presiding Judge ordering the bond of Mr. Brewster to be accepted by the clerk, the writ of'attachment should have issued. The officer, if before in danger, was protected by the order.
But there appears no necessity for deciding upon the strict right of the clerk to appeal personally in such a case. 'I he objection was, in fact, rather suggested than urged upon the court, and we proceed to decide the case as presented.
Messrs. Bailey and Brewster had received a letter from the plaintiff, authorizing them to issue the writ of attachment, and Mr. Brewster tendered his own bond, under the Act of 1839, and demanded the writ of attachment, in right of the plaintiff. The question submitted is this: does the tender of Mr. Brewster’s bond, under such authority of the plaintiff, authorize the clerk to issue the writ'?
Before the Act of 1799, writs of attachment could be ordered only by a Judge, upon petition of the plaintiff. See 2d Statutes, 589. This was found inconvenient, whereupon the Act of 1799 was passed. 7 Statutes, 294. This Act dispenses with the necessity of petitioning, *448 (fee.,-and makes the writ, in the terms of the Act, demand» able of common right; “ provided,” (fee., “ that no writ of attachment shall issue before the plaintiff has given bond to the defendant, in double the amount for which the attachment issues; to be taken by the clerk,” (fee.
Upon this Act it was plain, and was so decided in Myers vs. Lewis, McMullan, 54, that the plaintiff might give the bond, by means of his agent, duly authorized ; the bond to be, of course, executed in the name of the plaintiff, by such agent. This is in pursuance of a general law ; the agent subscribes for his principal as he would himself have subscribed.
Thus stood the law when the Act of 1839 was passed. The 21st section, p. 112, is as follows: “It shall be the duty of the clerk,” (fee., “ before issuing the same,” (attachment,) “ to take from the plaintiff, or his or her agent, a bond to the defendant, in double the amount,” (fee., (fee.
The question, then, arises under the new and additional provision, “to take the bond from the plaintiff-, or his or her agent.” Can the attorney, authorized to bring the action, legally tender his own bond upon his personal responsibility, but styling himself “agent of the plaintiff'?” Is that enough, under the Act of 1839, to justify the clerk 1
The Act of 1799 was highly remedial. It made the writ “demandable, of common right;” but still required the bond of the plaintiff; and, of course, as of right, the plaintiff might tender his own bond, executed by an attorney, duly authorized so to bind him.
Then for what purpose were the additional words “or his or her agent,” introduced'? Such terms must have a meaning, beyond the Act of 1799 ; and the more readily when found in an Act which is supposed to form a digest of former Acts, with improvements drawn from practical experience. Such an Act does not form a mere index to other Acts. It is a re enactment, with alterations, in pari materia; and at least in the 21st section, this Act constitutes another remedial Act, as well as that of 1799. The object is to facilitate still further the inception of a suit, by attachment. The alteration, then, made by the Act of 1739, may be rationally construed to introduce a new provi *449 sion, and to authorize the attorney bringing the action, to give his own bond, “styling himself agent;” such a bond being the essential and only means of obtaining the writ of attachment, and prosecuting the plaintiff’s suit. When a man voluntarily gives his Own bond for another, it cannot be necessary for him to shew a special power of attorney to bind himself by such a bond ; and all that the Act of ’39 requires is, that he be the plaintiff’s agent, with authority for such a purpose, and not a mere intruder.
The agent’s bond is herein substituted for the plaintiff’s, in order to take out the writ. The interpretation is literal.
But the 21st sec. of the Act of ’39, having thus rendered the taking out the writ of attachment a more easy process, then proceeds to guard the defendant’s property in case any should be actually attached, and for that purpose the enactment is carried out as follows : “and at any subsequent time, and before judgment,” may, (i. e. the clerk) take also a recognizance of such plaintiff, or his agent, with good surety, “in double the value of the goods attached, to prosecute the suit with effect; and that the monies, goods and chattels,” &c. &. “shall be forthcoming on the order of the court, in case the absent debtor shall appear,” <&c. and, if he should not appear, “then to deliver the residue, after payment of the plaintiff’s demand, to the clerk,” &c.
The latter provision of the same section, is not now for exposition. But the obvious difference in the object, indicates the constructive fact upon the first bond, usually called the attachment bond. It is to obtain a writ made “demandable of common right,” by the Act of ’99; the remedy is, therefore, made easy, for the issuing of the writ. But when the property of the absent debtor is actually attached, his rights of property and interests become involved in the plaintiff’s suit, and may then be protected by the recognizance, or second bond, with security; and we see the marks of the practical hand that digested the Acts — the remedy by attachment is made more open to the plaintiff.
But the protection against his possible trespasses, is fully prese-vwéd; perhaps more fully than before the Act of X§«9. The danger, then, to the clerk, from taking the at *450 tachment bond, for issuing the writ, and the damages to the defendant, would seem to be misapprehended.
The motion is, therefore, dismissed.
O’Neall, Evans, Butler, Wardlaw and Frost, JJ. concurred.